|  |  |
|---|---|
| MICHAEL E. ST. JOHN and ELLEN L. ST. JOHN, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWEST TRUSTEE SERVICES, INC., BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Defendants. | CASE NO. C11-5382BHS <br><br> ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION HEARING |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Plaintiffs' (the "St. Johns") *ex parte* application for temporary restraining order ("TRO") and preliminary injunction. Dkts. 2, 3. The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby denies the motions for TRO and preliminary injunction for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This matter arises out of a pending foreclosure action involving the St. Johns' property. On May 18, 2011, the St. Johns filed an *ex parte* motion for TRO (Dkt. 2) and preliminary injunction (Dkt. 3). The St. Johns have represented to this Court that they have served, or are in the process of serving, the named Defendants. Dkt. 1 at 1-2. Unless

ORDER - 1

1  otherwise noted, the facts discussed herein are those as alleged by the St. Johns. *See*
2  Complaint.
3        On or about October 26, 2006, the St. Johns executed a note secured by a deed of
4  trust with Countrywide Home Loans, Inc. for $385,000. Complaint ¶ 20. The deed of trust
5  names Mortgage Electronic Registration System ("MERS") as a "nominee" and
6  "beneficiary" of the trust. *Id.*
7        After the St. Johns executed the deed, the mortgage was transferred to the
8  secondary market through a series of unrecorded assignments. Complaint ¶ 21. On or
9  about December 15, 2009, Defendant BAC Home Loans Servicing, LP ("BAC")
10 requested that MERS record the deed, which was completed on or about December 21,
11 2009. Complaint ¶ 23.
12       On or about July 21, 2009, Defendant Northwest Trustee Services, Inc.
13 ("Northwest") became the successor trustee under the deed. Complaint ¶ 24. Due to the
14 St. Johns' alleged default on their mortgage, Northwest issued a letter informing the St.
15 Johns that they had defaulted on their loan on or about February 1, 2009, and that their
16 property would be sold. Complaint ¶ 25.
17       The St. Johns also allege that their case involves an issue related to MERS being
18 named a beneficiary under the note and that a similar issue was recently stayed by a court
19 in this district, *Bain v. OneWest*, No. C09-0149JCC (Dkt. 155, order by Judge
20 Coughenour staying case until the Washington State Supreme Court answers or declines
21 to answer whether MERS may serve as a beneficiary under Washington's Deed of Trust
22 Act). Complaint ¶ 28. As of this date, the *Bain* case remains stayed and the MERS
23 beneficiary question is unanswered.
24       Based on the foregoing, the St. Johns seek (1) declaratory judgment that
25 Defendants lack standing, ownership, or equitable interest to foreclose on their property;
26 (2) declaratory judgment that MERS failed to adequately and properly convey the
27 beneficial interest of the St. Johns loan and, therefore, the foreclosure sale is
28

ORDER - 2

1  impermissible; (3) a TRO and preliminary injunction to prevent the sale of their property;
2  and (4) for costs and any other relief as may be awarded. Complaint at 9.

## II. DISCUSSION

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008). Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even if the Court assumes, without deciding, that the St. Johns can establish that the elements of irreparable harm and public interest weigh in their favor, the Court must still be satisfied that the St. Johns have also established that the balance of equities tips in their favor and that they are likely to succeed on the merits.

With respect to the balance of equities, it is troubling to the Court in considering whether this situation is deserving of a TRO, emergency and rare relief, that the St. Johns have known about the potential foreclosure of their home for at least seven months prior to filing the instant motion. *See* Complaint ¶ 25 (notice of trustee's sale recorded on or about November 9, 2010; the St. Johns filed the instant motion on May 18, 2011). The St.

ORDER - 3

Johns could have filed a motion for a preliminary injunction after receiving the notice of foreclosure, which would have permitted a proper briefing schedule on which all parties could have participated. Instead, the St. Johns have delayed in bringing this action until two days before the sale was scheduled. Put otherwise, this "emergency" has been precipitated, at least in part, by the St. Johns. Thus, the balance of equities weighs in favor of Defendants.

Turning to the likelihood of success on the merits of the St. Johns' claims, the St. Johns have not made an adequate showing on the merits of their claims. Indeed it is unclear from their complaint and their motion exactly what claims they are trying to assert. In their motion they argue that the trustee's sale is due to an "alleged default of an alleged loan obligation, both of which the [St. Johns] dispute." Notwithstanding such "dispute," they do admit to taking out a $385,000 loan but do not adequately deny default. Indeed, they have failed to provide sufficient competent evidence to refute the notice of sale which they received from Northwest and supplied to the Court as an attachment to their motion. The letter evidences that the St. Johns are currently $62,542.23 in arrears on their mortgage. Dkt. 2, Ex. F. at 2.

Nonetheless, because the St. Johns are proceeding *pro se*, the Court extends some latitude to their pleadings. In doing so, the Court finds that the bulk of the St. Johns' arguments appear to rest on their assertion that Defendants are not the original creditors and therefore lack standing to foreclose on the mortgage at issue. However, as this Court has concluded previously, courts "have routinely held that [a defendants'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).[1]

---

[1] The Court's ruling in *Freeston*, 2010 WL 1186276, was affirmed in a Ninth Circuit memorandum opinion (Case No. 09-5560BHS, Dkts. 91, 93).

ORDER - 4

Further, whether or not the St. Johns' case presents a question regarding MERS' beneficiary status that is similar to the issue stayed in *Bain* is irrelevant to whether or not they can obtain a TRO or preliminary injunction. In short, the St. Johns have failed to provide sufficient argument or competent evidence to establish that they are likely to prevail on this issue.

Based on the foregoing, the St. Johns have not met their burden to obtain a TRO or preliminary injunction.

### III. ORDER

Therefore, it is hereby **ORDERED** that the St. Johns' *ex parte* motion for a TRO and/or preliminary injunction is **DENIED** without prejudice for the reasons stated herein.

DATED this 23rd day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge