UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL E. ST. JOHN and ELLEN L. ST. JOHN,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>Defendants. | CASE NO. C11-5382BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' CROSS MOTION TO VOID DEFECTIVE FORECLOSURE PROCESS TRISHAND SALE |

This matter comes before the Court on Defendants Bank of America ("BOFA") and Mortgage Electronic Registration Systems Inc.'s ("MERS") motion to dismiss (Dkt. 22) and Defendant Northwest Trustee Services, Inc.'s ("NWTS") motion to dismiss (Dkt. 26). Also before the Court is Plaintiffs' (the "St. Johns") cross motion to void defective foreclosure and sale (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motions to dismiss and denies Plaintiffs' cross motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On July 20, 2011, BOFA and MERS jointly filed a motion to dismiss the St. Johns' Complaint against them under Federal Rule of Civil Procedure ("Fed. R. Civ. P.) 12(b)(6) (failure to state a claim). Dkt. 22. On August 10, 2011, the St. Johns opposed the motion. Dkt. 25. On September 9, 2011, BOFA and MERS jointly replied. Dkt. 29.

On August 15, 2011, NWTS moved to dismiss the St. Johns' Complaint against it under Fed. R. Civ. P. 12(b)(6). Dkt. 26. On September 1, 2011, the St. Johns opposed the motion and filed a motion therein to void defective foreclosure process and sale. Dkt. 28. On September 9, 2011, NWTS replied to the St. Johns' opposition to its motion to dismiss. Dkt. 31. On the same day NWTS opposed the St. Johns' motion to void defective foreclosure and sale. Dkt. 30. The St. Johns did not reply.

## II. FACTUAL BACKGROUND

This case arises out of the St. Johns' challenge to the foreclosure of their home, which occurred following their home mortgage default. *See generally* Complaint (Dkt. 1). On or about October 26, 2006, the St. Johns obtained a mortgage to finance the acquisition of residential real property in the amount of $385,000 (the "Loan"). Complaint ¶¶ 3, 20. Exhibit B to the Complaint is a copy of the Deed of Trust for this residential property; it identifies the St. Johns as the borrowers, Countrywide Home Loans, Inc. ("Countrywide") as the lender, and MERS as the beneficiary – "as a nominee for Lender and Lender's successors and assigns. *Id.*, Ex. B.

Shortly thereafter, MERS assigned its beneficial interest under the Deed of Trust to BAC Home Loans Servicing, L.P. (now "BANA"). *Id.*, Ex. D. This transfer is

evidenced by record dated December 1, 2009. *Id*. On December 21, 2009, BANA appointed NWTS as the successor trustee under the Deed of Trust. *Id*. Ex. E.

The St. Johns defaulted on their mortgage payements; this fact is uncontroverted. On April 22, 2010, NWTS recorded a Notice of Trustee's Sale on the subject St. Johns' property; the notice referenced the St. Johns' default, arrearages of $62,542.23. *Id*., Ex. F. The Trustee's sale was set for February 11, 2011. *Id*. To date, the sale is postponed.

On May 18, 2011, the St. Johns filed, and this Court later denied, their motion for temporary restraining order and preliminary injunction. *See, e.g.,* Dkt. 6.

Based on the foregoing, the St. Johns seek declaratory and injunctive relief based on, among other things, the claim that Defendants lack authority to foreclose. *See generally* Complaint.

### III. DISCUSSION

**A.     Applicable Standards**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In analyzing a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff can prove any set of facts to support a claim that would warrant relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

To overcome dismissal, a plaintiff must prove that the complaint complies with Rule 8(a)(2) of the Federal Rules of Civil Procedure by including a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally,

> [the] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . [Thus] it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007)). Mere "labels and conclusion" or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 129 S. Ct. at 1949.

"[The Court is] not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031–32 (9th Cir. 2008)).

**B.     BOFA & MERS' Motion to Dismiss**

BOFA and MERS move to dismiss the St. Johns Complaint for failure to state a claim upon which relief can be granted; their motion is based on the St. Johns'

Complaint, documents attached thereto, and other documents for which this Court could take judicial notice. *See* Dkt. 22 at 3 (relying on Fed. R. Civ. P. 12(b)(6); *id.*, n. 2).[1]

### 1.     MERS Authority to Act as Beneficiary

The St. Johns predicate their request for injunctive and declaratory relief on the theory that MERS lacked authority to act as beneficiary under the Deed of Trust and thus could not assign its beneficial interest. Complaint. ¶¶ 26, 32. Based on this theory, the St. Johns ask the Court to stay the foreclosure proceedings on their residence due to the alleged defective assignment of the beneficial interest in the Deed of Trust.

However, the St. Johns executed a Deed of Trust that names MERS as a beneficiary and therein consented to MERS having such a role in the transaction. *See* Complaint ¶ 20; *id.*, Ex. B (setting out MERS' right to foreclose and sell the property or to transfer such an interest).

The St. Johns' position on this issue is unavailing.  This Court has previously and consistently ruled that, when a plaintiff affixes a deed of trust that he/she signed wherein MERS is named as a beneficiary with the right to transfer such rights, the plaintiff's arguments that MERS is not a beneficiary under the security instrument are without merit. *Cebrun v. HSBC Bank USA, N.A.*, 2011 WL 321992 at *3. The St. Johns' case and arguments are not materially distinct from that of *Cebrun*. *See id*.

---

[1] A court may take judicial notice of authentic documents that are publicly recorded, attached to or relied extensively upon in a plaintiff's complaint. *See, e.g., Shaw v. Hahn,* 56 F.3d 903, 908 (9th Cir. 2003); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998).

The Court's ruling in *Cebrun* is not without support from state courts and other district courts within the Ninth Circuit. *See* Dkt. 22 at 6-7 (collecting cases). Therefore, the Court rules the same in this case and rejects the St. Johns' argument on this issue.

**2.     Recordation of Assignments & Timing of Trustee Appointment**

The St. Johns seek declaratory relief as to whether "MERS duly and appropriately executed and/or recorded all endorsements and assignments of the beneficial interest in the Note and Deed of Trust and therefore whether non-judicial foreclosure is allowed by statute." Complaint ¶ 32.

However, Washington State does not require recording of such transfers and assignments. *See* RCW 61.24.005(2) (defining Beneficiary as "the holder of the instrument or document evidencing the obligations secured by the deed of trust"). *See also, e.g., In re United Home Loans*, 71 B.R. 885, 891 (W.D. Wash. 1987), *aff'd* 876 F.2d 897 (9th Cir. 1989) ("assignment of a deed of trust . . . is valid between the parties whether or not the assignment is ever recorded"; "recording of the assignments is for the benefit of third parties).

Additionally, the St. Johns argue that the foreclosure proceeds were invalid because the assignment of the Deed of Trust and appointment of a successor trustee occurred after the issuance of a notice of default in June 2009. However, this claim is unavailing because the notice of foreclosure itself states that the "Beneficiary *or* the Trustee" issued the notice of default, which is consistent with the Deed of Trust Act

under RCW 61.24.030. Thus, the St. Johns have not established any relevance to the fact of timing in this case.[2]

Therefore, the St. Johns' reliance on a lack of recording argument and the timing of assignment of the deed of trust and appointment of a successor trustee are each unavailing.

### 3. Failure to Disclose Affiliated Business Arrangements

The St. Johns contend that Countrywide "failed to disclose all affiliated business arrangements regarding [the St. Johns'] loan, hence, [the St. Johns] are in doubt and are uncertain as to their [legal] rights . . . ." Complaint ¶ 33. Because Countrywide is not a party to this action and because the St. Johns have not supplied adequate authority that such an uncertainty on their part creates any cause of action herein, the Court denies relief on this basis.

### 4. Ownership of the Note

In opposing BOFA and MERS' motion to dismiss, the St. Johns make argument regarding the true "note holder" and claim that BANA is not the true "note holder." The St. Johns further contend that "there is not evidence that the note was transferred," and that Defendants are obligated to produce "an unbroken chain of endorsements of the Note." Dkt. 25 at 2.

---

[2] Additionally the notice that the St. Johns' claim was untimely is no longer valid. That notice stated the sale would take place on November 9, 2010, which did not occur. *See* Complaint, Ex. F (notice of trustee's sale); *see also* RCW 61.24.040(6) (notice can only be effective for 120 days). Here, the 120 days has expired and no new notice has been recorded. Therefore, the timeliness argument could also be denied as moot.

However, the undersigned and other courts have routinely rejected this so-called "show me the note" argument. *See, e.g., Freeston v. Bishop, White, & Marshall*, 2010 WL 1186276 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 2010 WL 2342530 at *5 (W.D. Wash. 2010). The St. Johns have not alleged sufficient facts or provided the Court with adequate authority to rule any differently in their case than it has in substantially similar cases presenting the same argument. *See id*.

Therefore, the Court rejects the St. Johns' argument on this issue.

**5.  TILA & FTC**

In opposition to BOFA and MERS' motion to dismiss, the St. Johns argue that they guaranteed a "right of recoupment and setoff pursuant to C.F.R. 16 § 433.2 (Federal Trade Commission ("FTC")), 15 U.S.C. § 1640(e) (Truth in Lending Act, "TILA") <u>without limitation</u> if the loan contract is breached." Dkt. 25 at 5 (underlining in original). Here, the St. Johns have not alleged sufficient facts to invoke these provisions in their case or persuaded the Court that such facts could be alleged to support a claim for such relief.

Therefore, their claims for relief under TILA and the FTC fail.[3]

**6.  Conclusion**

Because the St. Johns have failed to state a claim upon which relief can be granted, they are not entitled to declaratory or injunctive relief for their claims against

---

[3] The St. Johns did not allege in their complaint that BOFA or MERS violated TILA or FTC regulations. Instead such relief is requested within their response in opposition to the motion to dismiss, which is improper. This is another basis upon which the Court could deny relief under TILA and the FTC regulations.

1  BOFA or MERS. *See, e.g., Marin v. Lowe* 8 F.3d 28 (9th Cir. 1993) (a substantial

2  controversy must exist to warrant declaratory judgment); RCW 61.24.130 (setting out

3  requirements for such injunctive relief in the case of a trustee's sale).[4] Therefore, based

4  on the foregoing, dismissal as to the St. Johns' claims against BOFA and MERS is

5  granted herein.

6  **C.     NWTS Motion to Dismiss**

7        The only claim or argument made against NWTS that differs from the St. Johns'

8  arguments against BOFA and MERS is that NWTS is not a valid trustee. However, the

9  St. Johns have not alleged any facts to support this assertion. Therefore, for the reasons

10 stated herein, NWTS' motion to dismiss the St. Johns' claims against it is granted.

11 **D.     St. Johns' Cross Motion to Void Defective Foreclosure & Sale**

12       Because the notice of trustee's sale has expired and no new notice has issued, the

13 St. John's cross motion to void foreclosure is denied as moot. An additional basis to deny

14 the cross motion is that the St. Johns have failed to follow the statutory procedure

15 required to challenge the alleged invalid non-judicial foreclosure. *See* RCW 61.24.130

16 (requiring, among other things, payments to the court clerk of sums that would be due on

17 the obligation secured by the deed of trust).

---

[4] Additionally, even if the Court were to grant injunctive relief, the St. Johns would be required under RCW 61.24.130(a) to make payments owed on the outstanding mortgage debt to the court clerk every 30 days during the period of any injunctive relief. Here, the St. Johns have not made any claims that they are capable of making such payments and the Court is unaware of any such payments to date.

## IV. ORDER

Therefore, it is hereby **ORDERED** that:

(1) Defendants' respective motions to dismiss are **GRANTED**;

(2) The St. Johns' motion to void defective foreclosure is **DENIED**; and

(3) The St. Johns' case is **DISMISSED** for the reasons stated herein.

Dated this 29th day of September, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge